IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| TANISHA JONES ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No.: |
| ) | |
| MACY'S, INC., ) | |
| SERVE:  By Private Process Server ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

## PETITION FOR DAMAGES

**COMES NOW** Plaintiff Tanisha Jones ("Ms. Jones") by and through undersigned counsel, and for her cause of action against Defendant Macy's, Inc. ("Defendant") states and avers as follows:

### THE PARTIES

1. Ms. Jones is a resident of Jackson County, Illinois, residing at 313 Grammer Road, Carbondale, State of Illinois.

2. At all times relevant herein, Defendant was a domestic corporation organized under the laws of the State of Delaware, maintaining a place of business at 49 Chesterfield Mall, Chesterfield, Missouri 63017 and can be served at its registered agent Corporate Creations Network, Inc., located at 12747 Olive Boulevard, Suite 300, St. Louis, Missouri 63141.

### VENUE AND JURISDICTION

3. Venue is proper in this judicial circuit, pursuant to Missouri Revised Statute §508.010, insofar that the incident giving rise to this cause of action occurred in St. Louis County.

4. Jurisdiction is proper in this Court, as Ms. Jones' damages and prayers for relief exceed $25,000.00.

## FACTS COMMON TO ALL COUNTS

5. On or about August 11, 2018, the Defendant owned, managed, operated, maintained, and controlled, both directly and indirectly, individually and through its agents, servants, and employees, a certain shopping center known as Macy's and located at 49 Chesterfield Mall, Chesterfield, Missouri.

6. That on and before that date, the Defendant invited the general public, including Ms. Jones, to enter said shopping center for the purpose of the operation of the shopping center.

7. That it then and there became and was the duty of the Defendant, individually and by and through its agents, servants and employees, to keep the premises in a reasonably safe condition for Ms. Jones and other persons lawfully in and about the shopping center, and further, not to create or allow any dangerous conditions to exist on or about the premises.

8. That at the above date and place Ms. Jones was lawfully on the subject premises, walking in the shopping center.

## COUNT I – NEGLIGENCE

9. Ms. Jones reincorporates and realleges paragraphs 1 through 8 above as if fully set forth herein.

10. At the time and place of the incident giving rise to Ms. Jones' cause of action, Defendant, by its agents, employees and servants, committed the following acts and omissions:

   a. failed to provide a good, safe and proper place for Ms. Jones to be, use, occupy and walk on while on the subject premises;

    b. allowed and permitted the subject premises to become and remain in an unreasonably dangerous condition;

    c. failed to inspect the premises to be certain that they were in good, safe, and proper condition;

    d. failed to warn Ms. Jones and others of the unsafe, defective, and dangerous condition of the subject premises;

    e. failed to safeguard its customers by ensuring walkways were in a safe condition;

    f. failed to warn customers of obstacles in walkways;

    g. failed to warn customers of protruding electrical parts located in customer walkways.

11. As a direct and proximate result of one or more of these negligent acts and/or omissions of the Defendant, individually and by and through its agents, servants, and employees, Ms. Jones was caused to fall.

12. As a direct and proximate result of the aforesaid occurrence, Ms. Jones was caused to sustain the following serious and permanent bodily injuries to wit: she injured her left knee, left ankle, left foot and toes, and required arthroscopy on her left knee.

13. As a direct and proximate result of the aforesaid occurrence, Ms. Jones has experienced numbness, tingling, shooting pains, and sensations of heat in her left leg.

14. As a direct and proximate result of the aforesaid occurrence, Ms. Jones' ability to work, labor, and enjoy the ordinary pursuits of life has been severely and permanently impaired and diminished.

15. As a direct and proximate result of Defendant's negligent actions and omissions, as particularly set forth above, Ms. Jones has undergone extensive past medical, hospital, surgical, nursing, therapeutic, rehabilitative and related care and treatment.

16. As a direct and proximate result of Defendant's negligent actions and omissions, as particularly set forth above, Ms. Jones has undergone extensive past medical, hospital, surgical, nursing, therapeutic, rehabilitative and related care and treatment for which she has incurred expenses in large sums.

17. As a direct and proximate result of Defendant's negligent actions and omissions, as particularly set forth above, Ms. Jones will require future medical, hospital, nursing, therapeutic, rehabilitative and related care and treatment for which she will incur large expenses, the costs of which are unknown.

18. As a direct and proximate result of the aforesaid occurrence and resulting injuries, Ms. Jones has lost wages and earnings and will continue to suffer wage loss in the future.

19. As a direct and proximate result of Defendant's negligent actions and omissions, Ms. Jones will continue to endure significant pain, suffering, and loss of enjoyment of her life.

WHEREFORE, for Count I and pursuant to Rule 55.05, Plaintiff Tanisha Jones prays judgment against Defendant Macy's, Inc. in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,
**THE DIXON INJURY FIRM**

By__/s/ Gregory S. Motil_____
Christopher R. Dixon, #60011
Gregory S. Motil, #67184

Electronically Filed - St Louis County - March 17, 2020 - 02:32 PM

*Attorneys for Plaintiff*
9666 Olive Boulevard, Suite 202
St. Louis, Missouri 63132
T: (314) 282-5905
F: (314) 627-5968
Email: chris@dixoninjuryfirm.com
Email: greg@dixoninjuryfirm.com
   www.DixonInjuryFirm.com